IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY DANE CORNWELL,

    Petitioner,                      No. CIV S-11-0265 KJN (TEMP) P

    vs.

GARY SWARTHOUT,

    Respondent.                  ORDER

_____/

        Petitioner, a California prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 7, 2011, petitioner consented to having a magistrate judge conduct all further proceedings in this case pursuant to 28 U.S.C. § 636(c).

        Petitioner has filed a request to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Under Rule 4 of the Rules Governing § 2254 Cases, the court must conduct a preliminary review of § 2254 habeas petitions and dismiss any petition where it plainly appears that petitioner is not entitled to relief in this court. Because it is plain that petitioner is not

1

1  entitled to habeas relief, his habeas petition will be dismissed.

2          In his first claim, petitioner asserts that there is not sufficient evidence to support
3  the 2009 decision by the California Board of Parole Hearings ("BPH") to deny petitioner parole.

4          The Due Process Clause of the Fourteenth Amendment prohibits state action that
5  deprives a person of life, liberty, or property without due process of law.  A litigant alleging a
6  due process violation must first demonstrate that he was deprived of a liberty or property interest
7  protected by the Due Process Clause and then show that the procedures attendant upon the
8  deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson,
9  490 U.S. 454, 459-60 (1989).

10          A protected liberty interest may arise from either the Due Process Clause of the
11  United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an
12  expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209,
13  221 (2005) (citations omitted).  The United States Constitution does not, of its own force, create
14  a protected liberty interest in a parole date, even one that has been set.  Jago v. Van Curen, 454
15  U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no
16  constitutional or inherent right of a convicted person to be conditionally released before the
17  expiration of a valid sentence.").  However, "a state's statutory scheme, if it uses mandatory
18  language, 'creates a presumption that parole release will be granted' when or unless certain
19  designated findings are made, and thereby gives rise to a constitutional liberty interest."
20  Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (a
21  state's use of mandatory language ("shall") creates a presumption that parole release will be
22  granted when the designated findings are made.).

23          California's parole statutes give rise to a liberty interest in parole protected by the
24  Due Process Clause of the Fourteenth Amendment.  Swarthout v. Cooke, 131 S. Ct. 859, 861
25  (2011) (per curiam).  In California, a prisoner is entitled to release on parole unless there is
26  "some evidence" of his or her current dangerousness.  In re Lawrence, 44 Cal.4th 1181, 1205-06,

1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).  However, in Swarthout the United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." Swarthout, 131 S. Ct. at 862.  In other words, the Court specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a parole proceeding.  Id. at 863.  Rather, the protection afforded by the federal due process clause to California parole decisions consists solely of the "minimal" procedural requirements set forth in Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied."  Id. at 862.

In accordance with the above the court cannot entertain petitioner's claim challenging the sufficiency of the evidence presented at his 2009 parole hearing.  Therefore, petitioner's first claim must be rejected.

In his second claim, petitioner asserts the fact that he has now served approximately 30 years in prison is cruel and unusual punishment in violation of the Eighth Amendment.  In 1981, petitioner was ordered to serve an eight year determinate sentence consecutive to an indeterminate sentence of life with the possibility of parole.  It does not appear that petitioner challenges the fact that he was sentenced to the life imprisonment with the possibility of parole.[1]  Rather, he challenges the execution of his sentence.

In essence, petitioner asserts the fact that he has not been granted parole by now violates the Eighth Amendment.  But there is no law supporting the proposition that somebody sentenced to an indeterminate life term must at some point be released or else a violation of the Eighth Amendment occurs.  That being the case, petitioner's second claim is precluded by 28 U.S.C. § 2254(a) because petitioner cannot show that the California Supreme Court's rejection of

---

[1] Such a challenge would almost certainly be met with motion to dismiss for violation of the applicable statue of limitations [28 U.S.C. § 2244(d)(1)]by respondent.

1 petitioner's second claim, Pet. 17-23,[2] is contrary to, or involved an unreasonable application of
2 clearly established federal law as determined by the United States Supreme Court.

3 Petitioner's third claim is titled "lack of insight." The court construes this as a
4 challenge to the BPH's finding that petitioner was not suitable for parole because, among other
5 things, he lacks insight as to why he committed his crimes. Essentially, this assertion is a
6 challenge to the sufficiency of the evidence supporting denial of parole. As indicated above, the
7 court cannot entertain sufficiency of the evidence claims.

8 Petitioner's final claim is titled "numerous denials by using especially heinous and
9 atrocious and cruel manner." The court construes this claim as a challenge the BPH denying
10 petitioner parole because, among other things, the nature of petitioner's offense was especially
11 heinous, atrocious and cruel. Again, this is a challenge to sufficiency of evidence which cannot
12 be entertained. Also, any challenge to a denial of parole other than the 2009 denial cannot be
13 heard in this action. See Rule 2(e) of the Rules Governing Section 2254 Cases (habeas
14 petitioners may challenge only one judgment of one state court per habeas petition).

15 For all of these reasons, petitioner's application for writ of habeas corpus will be
16 dismissed.

17 In accordance with the above, IT IS HEREBY ORDERED that:
18 1. Petitioner's request to proceed in forma pauperis (#8) is granted;
19 2. Petitioner's application for writ of habeas corpus is dismissed;
20 3. This case is closed; and
21 ////
22 ////
23 ////
24 ////

---

26 [2] Page numbers are those assigned by the court's electronic docketing system.

4

4. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED: March 24, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

corn0265.dis